UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
SHOLOM UNGER,

               Plaintiff,

v.                                               **MEMORANDUM & ORDER**
                                                 24-CV-04646 (LKE)

LOT POLISH AIRLINES,

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**LARA K. ESHKENAZI**, United States Magistrate Judge:

       Defendant Lot Polish Airlines ("Defendant") brings the instant motion to dismiss *pro se* Plaintiff Sholom Unger's ("Plaintiff") complaint. For the reasons set forth below, Defendant's motion, construed as a motion for summary judgment, is granted.

**I.    BACKGROUND**

       On June 28, 2024, *pro se* Plaintiff, a resident of Brooklyn, New York, filed a complaint against Defendant, a foreign international airline with headquarters in Poland. (*See* Complaint, ECF No. 1.) On November 20, 2024, Plaintiff filed a motion to amend the complaint. (Motion to Amend Complaint, ECF No. 15.) After initially denying the motion to amend, upon *sua sponte* reconsideration, the Court granted Plaintiff's motion. (12/4/2024 Text Order.) Plaintiff filed the Amended Complaint on December 27, 2024. (Amended Complaint ["Am. Compl."], ECF No. 19.)

       In the Amended Complaint, Plaintiff alleges that he purchased a flight from LOT Polish Airlines departing from Israel on January 29, 2023, with a day-and-a-half stopover in Poland, and a final destination of New York. (Am. Compl., ECF No. 19 at 3.) The Amended Complaint further alleges that on January 29, 2023, Defendant canceled his flight from Tel Aviv, Israel to Warsaw, Poland without reason. (*Id*. at 3-4.) Plaintiff asserts that he had planned to have a large family gathering of sixty people during the layover in Warsaw to mark the anniversary of the death of an

ancestor (a religious ceremony known as "the Yahrzeit"), and that he had purchased food, paper goods, wine, and liquor for the occasion. (*Id.*) Plaintiff brought all these purchases with him on the flight. (*Id.*)

According to the Amended Complaint, the flight was canceled after a four-hour delay. (*Id.*) Defendant offered Plaintiff a later flight to Warsaw, but Plaintiff declined the offer because he would arrive in Poland too late for the Yahrzeit. (*Id.*) As a result, Plaintiff alleges he discarded the food and goods because he "no longer had any need or use for the food which probably started to get ruined[.]" (*Id.*) The Amended Complaint further states that Defendant offered to pay for hotel accommodations and, at Plaintiff's request, booked Plaintiff a new direct flight to New York. (*Id.*) Plaintiff seeks $5,000 in reimbursement for his actual loss of the cost of foods and goods. (*Id.* at 4.)[1]

On February 7, 2025, Defendant filed a motion to dismiss pursuant to (i) Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction; (ii) Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; and (iii) the doctrine of *forum non conveniens*. (Defendant's Memorandum of Law ["Def. Memo of Law"], ECF No 23.) Consistent with Eastern District of New York Local Rule 12.1, Defendant filed and served a declaration to support its motion to dismiss, which included a warning to *pro se* Plaintiff that Defendant submitted additional written materials and "asked the Court to decide this case without a trial." (Declaration in Support of Motion to Dismiss, ECF No. 22-4 at 2; Certification of Service, ECF No. 22.) On February 21, 2025, Plaintiff filed a response in opposition to Defendant's motion, arguing that this Court has federal question jurisdiction under the Montreal Convention, an international treaty, and that the

---

[1] On September 9, 2024, Plaintiff filed a letter attaching additional documents in support of his claim, including an invoice to support his claimed damages and a transcript of the proceedings from Kings County Small Claims Court, the court in which Plaintiff initially pursued his claims against Defendant. (ECF No. 8.)

2

Amended Complaint plausibly states a claim against Defendant. (Plaintiff's Opposition ["Pl. Opp."], ECF No. 25.) On February 27, 2025, Defendant filed a Reply memorandum in support of its motion to dismiss countering that Plaintiff failed to identify the Montreal Convention as a basis for jurisdiction in the Amended Complaint. (Defendant's Reply ["Def. Reply"], ECF No. 26.)

The Court heard oral arguments from Plaintiff and Defendant on April 8, 2025. Defendant argued, among other things, that the Amended Complaint should be dismissed because it does not specify which provision of the Montreal Convention Defendant allegedly violated. (Oral Argument Transcript ("Oral Arg. Tr."), ECF No. 29 at 11:15-21; 25:5-6.) Defendant also argued that Plaintiff failed to establish damages because any damage to the food was caused by Plaintiff's decision to discard the food before reaching his final destination in New York. (*Id*. at 23:12-24:22.) Plaintiff did not dispute that he discarded the food, but explained that he did so because he had no use for it once he realized he would not make it to Warsaw in time for the Yahrzeit. (*Id.*)

After oral argument, the Court requested affidavits from both parties addressing whether Plaintiff had provided written notice to Defendant regarding his damaged cargo prior to filing any lawsuits. (4/29/2025 & 5/14/2025 Text Orders.) Defendant submitted an affidavit on May 12, 2025 (Affidavit of Ewelina Ksiazek-Janik "Ksiazek-Janik Aff.," ECF No. 30), and Plaintiff submitted a responsive affidavit on May 27, 2025. (Affidavit of Plaintiff Sholom Unger "Plaintiff Aff.", ECF No. 31.)

## II. **LEGAL STANDARDS**

Courts are obliged to construe complaints filed by *pro se* plaintiffs liberally. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam). *Pro se* submissions are reviewed with "special solicitude" and are "'interpreted to raise the strongest arguments that they suggest.'" *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023) (quoting *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006)). But a plaintiff's *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003) (internal quotations and citation omitted).

Federal Rule of Civil Procedure 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court," on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* In the case of a *pro se* party,

> '[n]otice is particularly important' because the *pro se* litigant 'may be unaware of the consequences of his failure to offer evidence bearing on triable issues.' Accordingly, *pro se* parties must have 'unequivocal' notice of the meaning and consequences of conversion to summary judgment.

*Hernandez v. Coffey*, 582 F.3d 303, 307-08 (2d Cir. 2009) (quoting *Beacon Enter. Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983)). The notice provided must advise the *pro se* litigant that "all assertions of material fact in the defendants' affidavits and other papers in support of their motion will be taken as true unless the *pro se* litigant contradicts those factual assertions in one or more affidavits made on personal knowledge containing facts that would be admissible in evidence, or by submitting other materials as provided in Rule 56 [(c)]." *Arnold v. Goetz*, 245 F. Supp. 2d 527, 540 (S.D.N.Y. 2003). The Eastern District of New York's Local Civil Rule 12.1 codifies the notice requirements by directing a represented party seeking to dismiss a complaint "who refers in support of the motion to matters outside the pleadings" to "serve and file the following notice with the full text of Fed. R. Civ. P. 56 attached at the time the motion is served." Local Civ. R. 12.1.

So long as the represented party satisfies the notice requirements and "all parties have been given a reasonable opportunity to present materials pertinent to the motion's disposition," it is within the Court's "discretion ... to convert a motion filed under Fed. R. Civ. P. 12(b)(6) into one seeking summary judgment." *Aetna Cas. & Surety Co. v. Aniero Concrete Co.*, 404 F.3d 566, 573 (2d Cir. 2005) (internal quotation marks and citation omitted). "The essential inquiry is whether the [*pro se* party] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *Malaney v. El Al Israel Airlines*, 331 Fed. Appx. 772, 774 (2d Cir. 2009) (internal quotations and citations omitted).

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 128-29 (2d Cir. 1996). The moving party bears the burden of showing that no genuine issue of material fact exists, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), and may satisfy this burden by submitting evidence to support the material facts claimed to be undisputed, *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223-24 (2d Cir. 1994). Where the party opposing summary judgment "fails to properly address [the moving] party's assertion of fact ..., the court may ... consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

The Court "must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir.

2001). If, even viewed in this light, there is not "sufficient evidence favoring the non[-]moving party for a jury to return a verdict for that party," or if the "evidence is not significantly probative," then summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted). The Court, once again, must read a *pro se* party's summary judgment papers liberally and interpret them to raise their strongest arguments. *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted). Even a *pro se* plaintiff, however, cannot defeat a motion for summary judgment by only relying on the allegations of a complaint. *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996). Rather, when confronted with evidence of facts that would support summary judgment, a *pro se* plaintiff, like any other party, must come forward with evidence in admissible form that can refute those facts. *See Jermosen v. Coughlin*, 877 F. Supp. 864, 867 (S.D.N.Y. 1999) (*pro se* plaintiff must present concrete evidence from which a reasonable jury could return a verdict in his favor to survive motion for summary judgment); *see also* Fed. R. Civ. P. 56(c).

### III.    DISCUSSION

#### A.    Conversion to Summary Judgment

In this action, the Court concludes that the procedural prerequisites for an application of 12(d) of the Federal Rules of Civil Procedure have been met, and it will exercise its discretion to convert Defendant's motion to dismiss into a motion for summary judgment. *See Feliz v. City of New York*, No. 19-CV-6305 (AJN), 2022 WL 446043, at *3 (S.D.N.Y. Feb. 14, 2022). The record demonstrates that Defendant served *pro se* Plaintiff with the required formal, written notice that the motion to dismiss could be converted by the Court to a motion for summary judgment, thereby complying with Federal Rule of Civil Procedure 12 and Local Civil Rule 12.1. (Declaration in Support of Motion to Dismiss, ECF No. 22-4 at 2; Certification of Service, ECF No. 22 at 3.)

Furthermore, Plaintiff was given ample opportunity to submit supplemental materials in support of his claims, all of which the Court is considering in deciding this motion. Plaintiff first provided supplemental materials to the Court on September 9, 2024, including an invoice for the discarded food and a transcript of the related proceedings in Small Claims Court that took place prior to Plaintiff filing the current action. (ECF No. 8). Plaintiff also filed a detailed affidavit in response to the affidavit submitted by Defendant addressing the issue of whether Plaintiff had provided written notice to Defendant of the damaged cargo as required by the Montreal Convention. (ECF No. 31.) In fairness to Plaintiff, and in light of his *pro se* status, the Court will consider all of Plaintiff's submissions, including the documents submitted on September 9, 2024, prior to Defendant filing the current motion.

### B. Subject Matter Jurisdiction

Defendant argues that the Amended Complaint should be dismissed for lack of subject matter jurisdiction. Specifically, Defendant states that the Amended Complaint "fails to identify or provide any specific federal statute, treaty, or provision of the United States Constitution that is applicable to the subject action." (Def. Memo of Law at 4.) Plaintiff counters that the Court has jurisdiction under the Montreal Convention, a treaty governing certain claims for damages against airlines. (Pl. Opp. ¶ 1.) The Court agrees with Plaintiff.

A *pro se* plaintiff's complaint must be liberally construed and interpreted to "raise the strongest arguments that [it] suggest[s]." *Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 145-46 (2d Cir. 2002). Applying these principles here, Plaintiff's claim as alleged in the Amended Complaint falls squarely within the ambit of the Montreal Convention, a federal treaty that standardizes airline liability in cases of death, injury, delay, or damage to cargo. *See generally* Montreal Convention. "When operative, it preempts all state law claims for damages against air

carriers and their agents[,]" *Vumbaca v. Terminal One Group Ass'n L.P.*, 859 F. Supp. 2d 343, 362 (E.D.N.Y. 2012), and "creates a federal cause of action for claims within its scope[,]" *Badar v. Swissport USA, Inc.*, 53 F.4th 739, 744 (2d. Cir. 2022); *Best v. BWIA West Indies Airways Ltd.*, 581 F. Supp. 2d 359, 362 (E.D.N.Y. 2008) ("As a treaty of the United States, the [Montreal] Convention is considered federal law for subject matter jurisdiction purposes and is the supreme law of the land."). The Montreal Convention applies where, as here, the places of departure and arrival are in countries that have ratified the Convention. *Id*. at Art. 1; Montreal Convention Signatories, https://www.icao.int/secretariat/legal/list%20of%20parties/mtl99_en.pdf (listing Israel and Poland as signatories).

The Montreal Convention provides for liability against airlines for losses resulting from delays during international flights. *See* Montreal Convention, Art. 1, 19. Specifically, Article 19 of the Montreal Convention provides:

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

*Id.* at Art. 19. Here, the Amended Complaint alleges damages to Plaintiff's cargo arising from the delay of his flight from Tel Aviv to Warsaw. (Am. Compl. at 3.) The allegation that his cargo was damaged due to Defendant's delay falls directly under the ambit of Article 19, thereby creating "a federal cause of action for claims within [the Montreal Convention's] scope." *Badar*, 53 F.4th at 744 (2d. Cir. 2022).

Defendant's reliance on the decision in *Maltese v. Delta Airlines Corp.*, No. 24-CV-4311 (RPK) (LB), 2024 WL 4389282 (E.D.N.Y. Oct. 3, 2024) is misplaced. The flight at issue in *Maltese* was a domestic flight from Florida to New York, *id.* at *1, and the Montreal Convention only

8

applies to international flights. Convention, Art. 1 ¶ 1 ("This Convention applies to all international carriage of persons, baggage or cargo performed by aircraft for reward."). There is no dispute that the flight at issue here was an international flight, and as such, the Court has subject matter jurisdiction over Plaintiff's claim pursuant to the Montreal Convention.[2]

### C. Failure to State a Claim

Plaintiff seeks redress for $5,000 of damage suffered to his checked-in cargo because of Defendant's delay. (Am. Compl. at 3-4.) Article 19 attaches liability on airlines "for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Montreal Convention, Art. 19. The Montreal Convention does not define the word "delay" and the minutes from the International Conference on Air Law in Montreal suggest that the drafters "were willing to leave the determination of what does and does not constitute delay to the national courts." *Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 368 (S.D.N.Y. 2006). "Unfortunately, the cases do not line up like ducks in a row." *Vumbaca*, 859 F. Supp. 2d at 366. Districts courts have determined that "Article 19 applies when a passenger does not arrive on time at her promised destination," *id*. (citing *Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 113-15 (S.D.N.Y. 2004)), or where "the airline ultimately transports the passenger or the passenger refuses the airline's offer of a later

---

[2] Defendant also argues that this case should be dismissed pursuant to the *forum non conveniens* doctrine. (Def. Memo of Law, ECF No. 23 6-7.) District Courts retain broad discretion in applying this principle. *Norex Petroleum Ltd. v. Access Indus., Inc.,* 416 F.3d 146, 153 (2d. Cir. 2005) (citing *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 73 (2d Cir. 2001)). Having reviewed the pertinent facts and legal factors, the Court declines to dismiss the Amended Complaint on this ground. A plaintiff's choice of forum is generally entitled to substantial deference and given greater deference when the plaintiff is suing in their home forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981); *Gross v. British Broadcasting Corp.*, 386 F.3d 224, 230-31 (2d Cir. 2004); *see also Iragorri*, 274 F.3d at 70-72 (holding that when plaintiff has a bona fide connection to the forum, such as being a resident, the choice is given greater deference.) Furthermore, the ostensible difficulties cited by Defendant, such as "access of proof, availability of compulsory process of attendance of witnesses, and all other practical problems" (ECF No. 23 at 7) can be mitigated "with relative ease given current technology." *See In re Terrorist Attacks on September 11, 2001*, 337 F.R.D. 575, 578 (S.D.N.Y. 2020); *Metito (Overseas) Ltd. v. General Elec. Co.*, No. 05-CV-9478 (GEL), 2006 WL 3230301, at *6 (S.D.N.Y. Nov. 7, 2006) ("For many years, courts in this Circuit have recognized that modern technologies can make the location of witnesses and evidence less important to the *forum non conveniens* analysis, particularly where the parties are major corporations."). Accordingly, the Court declines to dismiss this case based on Plaintiff's choice to file this case in the district in which he resides.

flight," *Benjamin v. American Airlines, Inc.*, 32 F. Supp. 3d 1309, 1317 (S.D. Ga. 2014) (quoting Christopher E. Cotter, *Recent Case Law Addressing Three Contentious Issues in the Montreal Convention*, 24 No. 4 Air & Space L. 9, 12 (2012)).

Here, Plaintiff's allegations are sufficient to allege a "delay" within the meaning of the Montreal Convention. Plaintiff was scheduled to depart from Tel Aviv at 5:00 a.m. and arrive in Warsaw, Poland for a multi-day stopover prior to continuing to New York City. (Am. Compl. at 3.) Plaintiff's flight to Warsaw, however, was delayed and eventually cancelled. (*Id.* at 3-4.) Accordingly, Plaintiff has sufficiently alleged a "delay" within the meaning of the Montreal Convention because he did "not arrive on time at [his] promised destination[.]" *Vumbaca*, 859 F. Supp. 2d at 366.

That determination, however, does not end the Court's inquiry. The Amended Complaint implicates Article 31 of the Convention because Plaintiff alleges that his checked-in cargo, the food, "probably started to get ruined" and was therefore damaged. (Am Compl. at 4; Oral Arg. Tr. at 28:23-29:02 [confirming that the food was checked cargo].) To attain relief for damaged baggage or cargo under the Montreal Convention, passengers must provide written notice of the damage to the airline within seven days from the date of receipt in the case of checked baggage and within fourteen days in the case of cargo. Montreal Convention, Art. 31(2)-(3); *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 495 (S.D.N.Y. 2009) (dismissing plaintiff's claims related to his damaged luggage brought under the Montreal Convention because plaintiff did not provide defendant airline with written notice of damaged luggage); *Coombes v. Southwest Airlines*, No. 3:20-CV-03700 (BL) (RR), 2021 WL 3625077, at *5 (N.D. Tex. July 8, 2021) (holding claims for damaged luggage barred under the Montreal Convention where plaintiff admitted "that he did not provide written notice to [the airline] within the time provided by the Convention.").

Although Plaintiff's Amended Complaint is devoid of any allegations suggesting that he provided Defendant with written notice of his damaged cargo, this alone does not defeat his claim. *Indem. Ins. Co. of N. Am. v. Expeditors Int'l of Washington, Inc.*, 382 F. Supp. 3d 302, 311 (S.D.N.Y. 2019) (stating "Defendants have offered no support for the contention that Article 31.2 of the Montreal Convention creates an affirmative pleading standard" and declining to "impose such a pleading standard[.]"). In light of Plaintiff's *pro se* status and the lack of a clear record on this issue, the Court directed the parties to file affidavits addressing whether Plaintiff provided written notice to Defendant of the alleged damaged cargo. (4/29/2025 Text Order.) Defendant submitted an affidavit by Ewelina Kiazek-Janik, an employee of Defendant's legal department. (Ewelina Ksiazek-Janik Aff., ECF No. 30-1.) The affidavit states that Defendant "did not receive any form of [] written … complaint regarding any … damage to baggage from Mr. Unger in the 21 days after his flight to JFK from Tel Aviv, Israel." (*Id.* ¶ 10.) Plaintiff's responsive affidavit does not dispute this point. Indeed, Plaintiff asserts that he "verbally informed [Defendant's] personnel about the critical importance of his arrival in Warsaw that day" and "explicitly explained that he had special, perishable food for this event that is unavailable in Poland[.]" (Plaintiff Aff., ECF No. 31¶ 5.) But such "immediate, detailed verbal notification," (*Id.* ¶ 6) is insufficient and "ineffective under Article 31(3) of the Montreal Convention[.]" *Molefe*, 602 F. Supp. 2d at 495.

Moreover, Plaintiff's attempt in his affidavit to characterize his damages as "consequential damages arising from" Defendant's delay is insufficient to cure the notice defect. Since the beginning of this lawsuit, Plaintiff has sought recovery for $5,000 representing the cost of his damaged cargo. (Am. Compl. at 4 ["I request the … Court to order the Defendant to reimburse me for my actual loss of $5000. I am not asking for punitive damages, etc., only the actual amount of

11

my loss."])[3] Accordingly, there is no genuine dispute of material fact regarding Plaintiff's failure to provide Defendant with written notice of his damaged cargo in a manner consistent with the requirements of the Montreal Convention, and therefore, Plaintiff's claim under the Montreal Convention is barred for failure to give proper written notice.[4]

Furthermore, even if notice were not an issue, Plaintiff's claim still fails because the undisputed facts establish that he caused the damage to his cargo himself. Indeed, the Court need not consider any documents outside of the pleadings to reach this conclusion. The Amended Complaint states that Plaintiff "discarded the food prior to leaving" Israel (Am Compl. at 4.) Plaintiff also confirmed at oral argument that he discarded the food following the cancellation of his flight. (Oral Arg. Tr. at 24:7-8.) The Amended Complaint provides no explanation as to why at least some of the food, liquor, and paper products could not be used in New York. (*See Id*.) When asked at oral argument, Plaintiff responded that he no longer had use for the food because it was purchased for a special occasion. (Oral Arg. Tr. 27:22.)

A plaintiff's own actions that lead to the alleged injury breaks the chain of causation between the alleged conduct and alleged injury. *See, e.g.*, *Ginsberg v. American Airlines*, No. 09-CV-3226 (LTS) (KNF), 2010 WL 3958843, at *4 (S.D.N.Y. Sept. 27, 2010) (holding "[plaintiff's] own decision to move the cart, which he knew was contrary to the crew instructions and would

---

[3] Plaintiff 's submissions and representations make it clear that he is most disappointed not by the damage to his cargo, but rather his inability to attend the Yahrzeit in Warsaw with his family. While the Court acknowledges Plaintiff's immense disappointment, his "emotional and dignitary harms are not 'damage' recoverable under Article 19." *Vumbaca*, 859 F. Supp. 2d at 367 (collecting cases).

[4] The Court also carefully reviewed the transcript of the proceedings before the Kings County Small Claims Court (Transcript of Small Claims Court Proceedings ["Transcript"], ECF No. 8) provided by Plaintiff in further support of his claim before this Court. In that proceeding, the Court ruled that it lacked jurisdiction due to the Montreal Convention. (ECF No. 22-1, at 5.) Before reaching that decision, the Court held a hearing on October 5, 2023, about seven months after the flight at issue, during which Plaintiff made substantially the same claims he makes here and provided no indication that he had submitted any written notice of the damaged cargo prior to filing his claim in court. Indeed, it appears from the transcript that prior to that hearing, Plaintiff had not provided any receipts for the discarded food to the airline. (Transcript, ECF No. 8 at 5-6 [discussing why Plaintiff had not provided receipts earlier].)

provoke a confrontation with the flight attendant, was the proximate cause of the incident); *Cush v. BWIA Ltd.*, 175 F. Supp. 2d 483, 487-88 (E.D.N.Y. 2001) (holding plaintiff passenger's own refusal to disembark was the proximate cause of plaintiff's injuries). Similarly, here, Plaintiff's own actions, as opposed to the delay in his flight, caused his damages. Specifically, Plaintiff's damages stem from his voluntary decision to discard the $5,000 worth of food, liquor, and paper plates he had brought with him on his flight. Accordingly, Plaintiff is unable to state a claim for relief.

## CONCLUSION

For the reasons stated above, Defendant's motion, construed as a motion for summary judgment, is GRANTED.

**SO ORDERED**.

Dated: Brooklyn, New York
       June 16, 2025

*Lara K. Eshkenazi*
_____
LARA K. ESHKENAZI
UNITED STATES MAGISTRATE JUDGE